Benjamin Solter, SBN #269388
Cross-Border Counselor LLP
7755 Center Ave., Suite 1100
Huntington Beach, CA 92647
Direct Telephone No.: (781) 752-6369
Office Telephone No.: (858) 338-3383
bsolter@cbcounselor.com

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| ZHANGJIAGANG HONGYE GARMENT CO., LTD., | CASE NO. 25-cv-1533 |
| Plaintiff, | COMPLAINT FOR: BREACH OF CONTRACT |
| v. | |
| ALL IN LOVE APPAREL, CORP., | |
| Defendant. | |

Plaintiff ZHANGJIAGANG HONGYE GARMENT CO., LTD., ("Hongye Garment") files this Complaint against Defendant ALL IN LOVE APPAREL, CORP. ("All In Love Apparel") and alleges as follows:

**INTRODUCTION**

1.      This action arises from a series of purchase orders in which Plaintiff Hongye Garment manufactured and delivered high-quality clothing to Defendant All In Love Apparel, enabling the Defendant to resell these goods throughout the United States.

2.      Hongye Garment delivered the clothing in full compliance with the terms and specifications outlined in the purchase order agreements.

3.      Although All In Love Apparel initially made partial payments, it became increasingly delinquent and ultimately ceased making any payments whatsoever, despite repeated assurances to Hongye Garment that it would do so.

4.      Despite numerous written and verbal inquiries and formal demands for payment,

1

All In Love Apparel has failed to provide any credible or sufficient justification that would excuse its ongoing nonpayment. Although Defendant has claimed internal financial difficulties and suggested Plaintiff "wait" or even "purchase operating rights" to expedite payment, these assertions do not negate its obligation to pay for goods already delivered.

5. All In Love Apparel has no legitimate or reasonable basis for withholding payments from Hongye Garment, as the goods were delivered timely and in full compliance with the agreed-upon purchase orders. Defendant's references to "economic downturn" and internal management changes do not absolve it of its contractual obligations.

6. Hongye Garment brings this action to recover the unpaid balance of $1,141,820.26, along with additional damages such as accrued interest, costs, and attorneys' fees, all stemming from All In Love's material breach of the purchase order agreements.

**THE PARTIES**

7. Plaintiff Hongye Garment is a limited liability company organized under the laws of the People's Republic of China. Its principal place of business is at No. 2, Xizhang Xican South Road, Fenghuang Town, Zhangjiagang, Jiangsu Province, China.

8. On information and belief, Defendant is a New York Domestic Business Corporation. Its principal place of business is 1390 E Burnett Street #F, Signal Hill, CA 90755, United States.

**JURISDICTION AND VENUE**

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as there is diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

10. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial portion of the events or omissions that form the basis of this claim occurred within this judicial district.

11. The purchase orders between Hongye Garment and All In Love Apparel contain a forum selection clause specifying that disputes will be resolved exclusively in the state and federal courts located in California.

1

## FACTUAL ALLEGATIONS

2

12.     Hongye Garment ships and manufactures high-quality clothing.

3

13.     All In Love Apparel has been consistently purchasing clothing from Hongye

4

Garment since January 3, 2023, under an ongoing business relationship formalized through

5

purchase orders.

6

14.     Each transaction is formalized through a detailed purchase order ("PO")

7

generated by All In Love Apparel and submitted to Hongye Garment for fulfillment.

8

15.     A true and correct copy of a sample PO is attached hereto as Exhibit A and is

9

incorporated herein by reference.

10

16.     Hongye Garment fulfilled 715 POs submitted by All In Love Apparel from

11

January 3, 2023 to July 11, 2024.

12

17.     Hongye Garment fulfilled these 715 POs through 47 separate shipments, as

13

documented by corresponding bills of lading.

14

18.     Attached hereto as Exhibit B is a true and correct copy of a sample bill of lading,

15

which is incorporated herein by reference.

16

19.     The total value of all POs was $1,989,638.26. All In Love Apparel paid

17

$847,818.00, leaving an unpaid balance of $1,141,820.26 owed to Hongye Garment.

18

20.     Between November 2024 and February 2025, a representative of All In Love

19

Apparel repeatedly acknowledged that the company was experiencing significant financial

20

difficulties and could not provide a firm timeline for payment. These communications included

21

suggestions that Hongye Garment should "wait for the company's next steps" or even purchase

22

All In Love Apparel's "operating rights" to expedite eventual payment, despite Hongye

23

Garment having fully performed its obligations under the purchase orders.

24

21.     In these communications, All In Love Apparel offered no legitimate justification

25

for its refusal to pay and instead proffered various excuses related to internal financial struggles.

26

Hongye Garment requested clarity and immediate payment; however, All In Love Apparel

27

failed to provide a definitive plan, thereby exacerbating the harm to Hongye Garment.

28

## CAUSES OF ACTION

**COUNT I**

**BREACH OF CONTRACT**

22.    Hongye Garment re-alleges and incorporates by reference every allegation in this Complaint as though set forth fully herein.

23.    All In Love Apparel purchased clothing from Hongye Garment through a series of POs.

24.    Hongye Garment fully performed, or substantially performed, all of its obligations as specified in the POs.

25.    All conditions precedent to Hongye Garment's claims have been satisfied or have occurred.

26.    All In Love Apparel breached its obligations under the POs by failing to remit full payment as required.

27.    The purchase orders include a contractual provision stating, "THE PREVAILING PARTY IN A CLAIM SHALL BE ENTITLED TO ATTORNEY'S FEES AND COSTS." Hongye Garment has retained counsel to enforce its rights under the purchase orders, and pursuant to this provision, Hongye Garment seeks to recover its reasonable attorneys' fees and costs from All In Love Apparel as the prevailing party in this action.

28.    As a direct result of All In Love Apparel's failure to fulfill its payment obligations, Hongye Garment has suffered damages totaling $1,141,820.26.

**COUNT II**

**UNJUST ENRICHMENT**

29.    Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

30.    This claim is pleaded as an alternative to Count I in the event the validity or enforceability of the purchase orders is challenged.

31.    Hongye Garment conferred a benefit on All In Love Apparel by manufacturing and delivering high-quality clothing for the benefit of All In Love Apparel.

32.    All In Love Apparel knowingly accepted and retained the benefit of these goods without paying the full value for them.

4

33.     All In Love Apparel's retention of the benefit conferred by Hongye Garment is unjust under the circumstances, as the clothing was delivered in full compliance with the purchase orders, and All In Love Apparel has failed to pay the remaining balance.

34.     As a result, Hongye Garment has suffered damages in the amount of $1,141,820.26, for which All In Love Apparel is liable.

**COUNT III**

**QUANTUM MERUIT**

35.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

36.     This claim is pleaded as an alternative to Count I in the event the validity or enforceability of the purchase orders is challenged.

37.     Hongye Garment rendered valuable services by manufacturing and delivering goods to All In Love Apparel at its request.

38.     All In Love Apparel accepted and benefited from these goods, knowing that Hongye Garment expected to be paid for them.

39.     It would be inequitable for All In Love Apparel to retain the benefit of the goods without paying Hongye Garment the reasonable value of $1,141,820.26.

40.     As a result, Hongye Garment is entitled to recover $1,141,820.26 in damages, plus accrued interest, costs, and attorneys' fees.

**COUNT IV**

**BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

41.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

42.     This claim arises from the implied covenant of good faith and fair dealing inherent in the purchase orders. It complements Count I (Breach of Contract) and addresses All In Love Apparel's bad faith conduct.

43.     In entering into the purchase orders, Hongye Garment and All In Love Apparel were bound by an implied covenant of good faith and fair dealing.

44.     All In Love Apparel acted in bad faith by making partial payments to induce

1    Hongye Garment to continue fulfilling purchase orders, even though it had no intention or

2    ability to pay the remaining balance. As revealed in multiple communications, All In Love

3    Apparel urged Hongye Garment to "purchase operating rights" or wait indefinitely,

4    underscoring its deliberate refusal to honor its contractual obligations.

5         45.    All In Love Apparel's actions unfairly interfered with Hongye Garment's right to

6    receive the benefit of its contractual agreements.

7         46.    As a result of All In Love Apparel's bad faith conduct, Hongye Garment has

8    suffered damages in the amount of $1,141,820.26, plus accrued interest, costs, attorneys' fees,

9    and any additional damages the Court deems appropriate.

10    **JURY DEMAND**

11         47.    Plaintiff hereby requests and demands a jury trial of all issues so triable.

12    **PRAYER FOR RELIEF**

13    WHEREFORE, Plaintiff Zhangjiagang Hongye Garment Co., Ltd. respectfully requests that the

14    Court issue the following relief:

15        1.    Enter judgment against All In Love Apparel, Corp.;

16        2.    Issue an order compelling All In Love Apparel, Corp. to remit payment of its

17    overdue balance to Zhangjiagang Hongye Garment Co. Ltd;

18        3.    Award Zhangjiagang Hongye Garment Co,. Ltd damages according to proof, but

19    not less than $1,141,820.26;

20        4.    Award Zhangjiagang Hongye Garment Co., Ltd its reasonable attorneys' fees;

21        5.    Award Zhangjiagang Hongye Garment Co., Ltd its costs and expenses, including

22    its costs of collection service fees and investigator fees;

23        6.    Award Zhangjiagang Hongye Garment Co,. Ltd its pre- and post-judgment

24    interest under the applicable law; and

25        7.    Enter such other just and equitable relief as the Court deems appropriate.

26

27

28

1  DATED: February 21, 2025

2                                                    By _____ s/Benjamin Solter_____

3                                                        Benjamin Solter, SBN #269388
                                                         7755 Center Ave., Suite 1100
4                                                        Huntington Beach, CA 92647
                                                         Telephone: (781) 752-6369
5                                                        Email: bsolter@cbcounselor.com

6                                                    *Attorney for Plaintiff Zhangjiagang Hongye Garment Co.*

7                                                    *Ltd.*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28